McCabe v Consulate Gen. of Can. (2019 NY Slip Op 01651)





McCabe v Consulate Gen. of Can.


2019 NY Slip Op 01651


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


101565/15 8620 8619

[*1]John McCabe, Plaintiff-Appellant-Respondent,
v
Consulate General of Canada, Defendant-Respondent-Appellant.


John McCabe, appellant-respondent, pro se.
Alan J. Bennett, PLLC, Brooklyn (Alan J. Bennett of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 23, 2017, which, inter alia, granted defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered October 10, 2017, which denied plaintiff's motion to renew the motion to dismiss the complaint, and denied defendant's cross motion to renew its application for a protective order pursuant to CPLR 3103, unanimously affirmed, without costs.
The court properly granted defendant's motion to dismiss plaintiff's causes of action alleging sex and age discrimination under the State and City Human Rights Laws, as plaintiff failed to allege sufficient facts to establish a prima facie case for these causes of action (Executive Law § 296[1][a]; Administrative Code of City of NY § 8—107[1][a]). Plaintiff sparingly alleges that he was terminated as part of a larger work force reduction while a younger man and woman were retained, which, standing alone, does not suffice to support either age or sex discrimination (see Matter of Leka v New York City Law Dept., 160 AD3d 497 [1st Dept 2018]; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). He similarly failed to elaborate on the nature of any complaints he made to establish that those complaints were "protected activity," and to establish any causal connection between those complaints and his later termination or any other adverse employment action (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51 [1st Dept 2012]; see Executive Law § 296[7]; Administrative Code § 8-107[7]).
As plaintiff failed to address the breach of contract claim in opposition to the motion to dismiss, he may not appeal from its dismissal (see Leader v Parkside Group, 159 AD3d 523 [1st Dept]). In any event, he failed to allege sufficient facts to identify an enforceable contract and breach of its terms.
To the extent plaintiff challenges dismissal of the complaint on purported government immunity grounds, that was not the basis of the court's decision to dismiss the complaint. Moreover, to the extent he challenges the court's reliance on any privileges or immunities in granting defendant's motion for a protective order pursuant to CPLR 3103(a), plaintiff's notice of appeal specified that he appealed from dismissal of his employment discrimination, retaliation, and contract claims, and did not mention the protective order. Therefore, this Court cannot consider that issue (see CPLR 5515[1]; D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [1st Dept 2013]).
The court properly denied plaintiff's motion to renew the motion to dismiss the complaint, and request for leave to amend the complaint. Plaintiff failed to state any reasonable justification for his failure to raise certain "new facts" in his original motion (CPLR 2221[e][2]). Although he asserts that he believed he could not use certain documents in the course of litigation due to an earlier preliminary conference order that limited disclosure of certain consular documents, he offers no justification for his failure to timely raise that argument, or why [*2]he then belatedly submitted an amended complaint containing those facts. In any case, the facts alleged in his amended complaint are largely barred by the three-year statute of limitations (see CPLR 214[2]; Administrative Code § 8-502[d]), and the remaining facts do not sufficiently support his claims to make a prima facie case.
The court properly denied defendant's cross motion to renew its motion for a protective order pursuant to CPLR 3103(c) based on plaintiff's alleged retention of consular documents he obtained during his employment. In its original motion and motion to renew, defendant failed to specify which documents implicate which privilege and confidentiality concerns, and absent greater specificity, the court did not abuse its discretion in declining to undertake an in camera review.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK